UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WEVEEL, LLC,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**SCENTCO, INC,** *et al.*,<br><br>　　　　Defendants. | Case No. 24–cv–01008–ESK–SAK<br><br><br>OPINION |

**KIEL, U.S.D.J.**

　　**THIS MATTER** is before the Court on a motion to dismiss the amended complaint (Motion) (ECF No. 34) by defendants ScentoCo. Inc. (Scentco) and Christopher W.E. Cote (collectively with Scentco, Defendants). Defendants also filed a memorandum of law in support of the Motion. (ECF No. 34–2 (Mot. Br.).) Plaintiff Weveel LLC (Weveel) filed opposition to the Motion. (ECF No. 35 (Opp'n Br.).) Defendants filed a reply to the opposition. (ECF No. 36 (Reply Br.).)

　　For the following reasons, the amended complaint will be DISMISSED for lack of personal jurisdiction.

　　**I.　FACTUAL BACKGROUND**

　　Weveel is a Delaware limited liability company with its principal place of business in Pennsylvania. (ECF No. 33 (Am. Compl.) ¶1.) Weveel designs, manufactures, and markets scented materials and scented art and drawing material products, such as scented markers and scented pencils. (*Id.* ¶¶27, 29.) Scentco is a California corporation with its principal place of business in California. (*Id.* ¶2.) Weveel alleges that Scentco conducts business and

operates through a showroom in North Wildwood, New Jersey.[1] (*Id.* ¶3.) Cote is the owner of Scentco and a citizen of California.[2] (*Id.* ¶4.)

Weveel alleges that since 2011, it has been selling markers under its trademark SCENTOS (Mark). (*Id.* ¶¶8, 9.) Weveel has been using the Mark for felt tip markers, fiber-tip markers, and markers since January 2011. (*Id.* ¶11.) Weveel alleges that Defendants' business is "highly similar" to Weveel with a "confusingly similar trademark." (*Id.* ¶13.)

In February 2016, Weveel sued Defendants in this Court (First Case). (*Id.* ¶14.) In October 2016, the parties entered into a settlement agreement and then filed a stipulation dismissing the First Case. (*Id.* ¶15; ECF No. 34–5 pp.2,3.) The settlement agreement requires Scentco to "cease use of SCENTCO INC. and SCENTCO as trademarks in connection with the sale, offering for sale, advertisement or promotion of writing instruments and related goods." (Am. Compl. ¶77.)

In the amended complaint, Weveel alleges that in March of 2022, it became aware of "infringing activity by Scentco [], in breach of the settlement agreement[.]" (*Id.* ¶17.) In April and May 2022, Weveel notified Scentco of the alleged breach of the settlement agreement. (*Id.* ¶¶18, 19.) Scentco has not cured its breach. (*Id.* ¶19.) Weveel further alleges that "Scentco['s] acts are intended to confuse and deceive the public with intent to fraudulently substitute Defendants' Infringing Products for Weveel's products, and to fraudulently divert and secure to Defendants the profits arising from Weveel's goodwill and its extensive advertising of its 'SCENTOS' marks, which the public has come to associate exclusively with Weveel." (*Id.* ¶53.) As to Cote, Weveel

---

[1] The original complaint asserted that Scentco is a California corporation with its "principal business address" in California. (ECF No. 1 ¶2.)

[2] Defendants state that Cote is a "resident of California." (Mot. Br. p.6.) I assume for purposes of the Motion that Cote is a citizen of California.

alleges that he is "the owner and/or director of Scentco, personally participated in, directed, authorized, and approved the deceptive and infringing activities set forth above." (*Id.* ¶ 62.)

Weveel asserts the following claims: breach of contract (count one); fraud in the inducement in violation of 15 U.S.C. § 1114 (count two); infringement of registered trademarks in violation of 15 U.S.C. § 1114 (count three); unfair competition in violation of 15 U.S.C. § 1125(a) (count four); unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a) (count five);[3] unfair and deceptive trade practices in violation of N.J.S.A. 56:8–2 (count seven); common law trademark infringement and unfair competition (count eight); breach of the implied covenant of good faith and fair dealing (count nine); unfair competition in violation of N.J.S.A. 56:4–1 (count ten). (Am. Compl. pp. 10–19.) All of the claims are asserted against Scentco, with only count two asserted against Cote.

Weveel claims this Court has personal jurisdiction over Defendants because: (1) "Defendants have solicited and conducted business in the State of New Jersey, thereby purposely availing itself of the privilege of acting in the State of New Jersey"; (2) "Defendants' infringing actions took place in the State of New Jersey"; (3) Weveel "has a vested interest in enforcing a contract, particularly the settlement agreement that was negotiated to resolve an action filed in the United States District Court in the State of New Jersey"; and (4) "under New Jersey's long-arm statute, NJ Court Rule 4:4–4(a)(6) … Defendant[4] regularly does or solicits business in the State of New Jersey." (*Id.* ¶¶ 22–25.)

---

[3] The Amended Complaint does not have a count six.

[4] Weveel does not identify which defendant regularly solicits business in New Jersey. I assume for purposes of the Motion that Weveel is referring to Scentco.

## II.  DISCUSSION

### A.  Personal Jurisdiction

In a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff "bears the burden of demonstrating the facts that establish personal jurisdiction." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). While a court "take[s] the allegations of the complaint as true," once a defendant raises a jurisdictional defense, "a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996). A plaintiff must establish "with reasonable particularity sufficient contacts between the defendant and the forum state." *Otsuka Pharm. Co. v. Mylan Inc.*, 106 F. Supp. 3d 456, 462 (D.N.J. 2015) (quoting *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)). Yet, in reviewing the evidence, a court must "accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Carteret Sav. Bank v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992); *see also Metcalfe v. Renaissance Marine, Inc*. 566 F.3d 324, 330 (3d Cir. 2009).

Personal jurisdiction may be established by general or specific jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). If a defendant is subject to a forum's general jurisdiction, the defendant can be sued there on any matter. *Id*. However, if a plaintiff asserts specific jurisdiction, the defendant may only face suit in the forum if its activities concerning the forum are related to the claims in the case. *Id*.

Defendants raise a jurisdictional defense, so, Weveel bears the burden of proving that jurisdiction exists. *See Dayhoff Inc.*, 86 F.3d at 1302. Weveel relies on specific jurisdiction to establish personal jurisdiction. (Opp'n Br. pp.9–15.)

4

### 1. Specific Personal Jurisdiction

"[S]pecific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 180 (D.N.J. 2016) (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)). A court may exercise specific jurisdiction when: (1) the defendant "'purposefully directed [its] activities' at the forum"; (2) the litigation "'arise[s] out of or relate[s] to' at least one of those activities"; and (3) doing so would "comport[] with 'fair play and substantial justice'" such that "the presence of some other considerations would not render jurisdiction unreasonable." *Id.* (first alteration in original) (quoting *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007)). This three-part test is designed to prevent a defendant from being "hauled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated contacts' or of the 'unilateral activity of another party or third person.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (first quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)) (second quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 299 (1980)) (third quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984)).

#### i. Counts Two, Three, Four, Five, Seven Eight, Nine, and Ten

Here, Weveel fails to establish "with reasonable particularity sufficient contacts" between Scentco and New Jersey as to counts two, three, four, five, seven, eight, nine, and ten. *See Otsuka Pharm. Co.*, 106 F.Supp.3d at 462. Weveel argues that "the combination of actions—including infringing activities directed at the forum state and the breach of a settlement agreement entered into by Defendants in the State of New Jersey—supports a holding that Defendants have purposefully availed themselves of the State of New Jersey, sufficient to confer specific jurisdiction." (Opp'n Br. p.11.) Weveel also alleges that Scentco willfully committed trademark infringement by imitating

Weveel's trademarks and "caus[ing] the … goods to enter into commerce" in violation of the settlement agreement. (*See* Am. Compl. ¶¶95, 97, 109, 110, 116.)

The only allegation in the amended complaint alleging Scentco's connection to New Jersey is an alleged showroom in North Wildwood, New Jersey. (*Id.* ¶3.) However, the parties' papers relating to the Motion is devoid of any mention of a Scentco-showroom located in New Jersey. Also, there is no allegation in the amended complaint that Scentco "purposely directed" its infringing activities to New Jersey. *See Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F.Supp.2d 629, 635 (D.N.J. 2004) (finding that minimum contacts did not exist because defendants marketed its products primarily in Illinois and did not make any sales to New Jersey residents); *see also Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454–55 (3d Cir. 2003) (finding that a site that was designed primarily for sales to European customers was not to be directed at New Jersey, despite two online sales to New Jersey residents and related email correspondence); *NFIP, LLC v. Nifty Fiftys*, Civ. No. 2:21-cv-01300-MSG, 2021 WL 3562852, at *4 (E.D. Pa. August 12, 2021) (citation omitted) (in trademark infringement cases there must be "something more" than the infringement itself to show that the defendants directed its activity towards the forum). There is also no allegations in the Amended Complaint that the parties negotiated, agreed to, or executed the settlement agreement in New Jersey.

Because Weveel cannot meet the first element of the *O'Connor* three-part test, analyzing the other two factors is unnecessary.

### ii. Intentional Torts Claims: Counts Two, Three, and Seven

Even if a plaintiff cannot prove that certain claims have minimum contacts with the forum state, if the claims are intentional torts, courts "must consider whether the application of *Calder v. Jones* … can change the outcome."

*IMO Indus., Inc. v. Kiekert* AG, 155 F.3d 254, 259-60 (3d Cir. 1998). When an intentional tort is alleged, a slight variation from the *O'Connor* three-part test applies, known as the *Calder* effects test, *O'Connor*, 496 F.3d at 317 n.2, stemming from the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984). The *Calder* effects test "can demonstrate a court's jurisdiction over a defendant even when the defendant's contacts with the forum alone [] are far too small to comport with the requirements of due process under [a] traditional analysis." *Marten*, 499 F.3d at 297 (internal quotation marks omitted). Under *Calder*, "an intentional tort directed at the plaintiff and having sufficient impact upon [the plaintiff] in the forum may suffice to enhance otherwise insufficient contacts with the forum such that the 'minimum contacts' prong of the Due Process test is satisfied." *IMO Indus., Inc.*, 155 F.3d at 260. In *IMO Industries*, the Third Circuit held that the *Calder* effects test requires a plaintiff to show that:

> (1) [t]he defendant committed an intentional tort; (2) [t]he plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; [and] (3) [t]he defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity[.]

*Id.* at 265–66 (footnote omitted). The *Calder* effects test requires that a defendant's "conduct and connection with the forum State [must be] such that he should reasonably anticipate being hauled into court there." *Marten*, 499 F.3d at 297 (quoting *World-Wide Volkswagen,* 444 U.S. at 297).

Here, counts two and three assert intentional torts,[5] and although courts in the Third Circuit have not considered whether a claim for unfair and

---

[5] Fraud in the inducement and trademark infringement are intentional torts. *See Network Commodities, LLC v. Golondrinas Trading Co., LTD.*, Civil No. 11–3119 (NLH/KMW), 2013 WL 1352234, at *6 (D.N.J. April 1, 2013) (stating that fraud in the inducement is an intentional court); *Theorem, Inc. v. Citrusbyte, LLC*, Civil Action No.

7

deceptive trade practices is an intentional tort, for the purposes of the Motion, I will assume that count seven asserts an intentional tort. Accordingly, counts two, three, and seven are subject to the *Calder* effects test. However, for the reasons *supra* (*see* section II.A.1.i.), Weveel cannot demonstrate that it "felt the brunt of the harm" in New Jersey and that Defendants expressly aimed their "tortious conduct" in New Jersey such that New Jersey "can be said to be the focal point of the tortious activity." *See IMO Indus., Inc.*, 155 F.3d at 265-66 (footnote omitted).[6]

### iii.  Count One

"[T]here are different considerations in analyzing [specific] jurisdiction over contract claims." *Remick v. Manfredy*, 238 F.3d 248, 255-56 (3d Cir. 2001). When determining whether there is specific personal jurisdiction on a breach of contract claim, courts "must consider the totality of the circumstances, including the location and character of the contract negotiations, the terms of the contract, and the parties' actual course of dealing." *Id.* at 256.

Here, the settlement agreement's only connection to New Jersey is that it resolved the First Case, which was pending in this district. The amended complaint does not provide any information as to where the settlement agreement was negotiated or executed. Moreover, no party to the settlement agreement is a New Jersey citizen. Rather the parties are either California or Pennsylvania citizens. Accordingly, the totality of circumstances does not

---

19-13423 (SRC), 2019 WL 3812474, at *4 (D.N.J. 2019) ("Courts in the Third Circuit have treated trademark infringement as an intentional tort for purposes of determining personal jurisdiction over a non-forum defendant").

[6] To the extent Weveel argues that because Defendants previously consented to personal jurisdiction in New Jersey, it is reasonable for personal jurisdiction apply here, the "admission of jurisdiction in one case does not extend a blanket consent to personal jurisdiction in all other cases brought in" this district. *See Takeda GMBH v. Mylan Pharms. Inc.*, Civ Action No.:15-3384, 2016 WL 146443, at *3 n.1 (D.N.J. January 12, 2016) (citation omitted).

provide a basis for the exercise of personal jurisdiction on the breach of contract claim.

### B. Jurisdictional Discovery

Weveel claims that "[a]t minimum, this case should proceed to jurisdictional discovery." (Opp. p.14.) However, jurisdictional discovery would be appropriate if Weveel had come forth with specific, non-frivolous, logical discovery requests that could foreseeably produce evidence of personal jurisdiction. *See Phillips v Snap-On, Inc.*, 19-cv-2229, 2020 WL 255963, at *3 (D.N.J. Jan. 17, 2020). A contrary holding would permit discovery in every stream-of-commerce case, even without a defensible jurisdictional theory. *Id.*

### C. Venue

Because this case is dismissed for lack of personal jurisdiction, determining whether venue is appropriate in this district is moot.

### III. CONCLUSION

The amended complaint will be DISMISSED for lack of personal jurisdiction. An appropriate order will accompany this opinion.

                                              */s/ Edward S. Kiel*
                                              EDWARD S. KIEL
                                              UNITED STATES DISTRICT JUDGE

Date: March 11, 2025